IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 16-11454 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PALM PRESS, INC. and | ) | |
| GUS P. KAYAFAS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

The plaintiff United States of America, pursuant to 26 U.S.C. §§ 7401 and 7402(a), with

the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate

of the Attorney General of the United States, brings this civil action to enjoin defendants Palm

Press, Inc. and Gus P. Kayafas from continuing to pay wages to employees without paying over

to the United States the associated payroll taxes and to reduce to judgment certain unpaid federal

tax liabilities of defendant Palm Press Inc. In support of this action, the United States alleges as

follows:

### Jurisdiction and Venue

1.      Jurisdiction over this action is conferred upon the district court in 28 U.S.C.

§§ 1331, 1340, 1345 and 26 U.S.C. § 7402.

2.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1396.

3.      Defendant Gus P. Kayafas resides in Boston, Massachusetts, within the

jurisdiction of this Court.

4.      The principal place of business for defendant Palm Press, Inc. is Boston Massachusetts, within the jurisdiction of this Court.

## Count I – Injunction

*A.      Employer's Responsibility for Employment Taxes*

5.      The Internal Revenue Code requires employers to withhold from their employees' wages federal income taxes and FICA taxes and to pay over those withheld taxes to the Internal Revenue Services ("IRS"). 26 U.S.C. §§ 3102 and 3402. An employer must also pay its own share of FICA and FUTA taxes. These taxes, collectively, are known as "employment taxes."

6.      The Internal Revenue Code also requires employers to periodically deposit employment taxes in an appropriate federal depository bank in accordance with federal depositing regulations. 26 U.S.C. §§ 6302 and 6157; 26 C.F.R. §§ 31.6302-1, 31.6302(c)-2 and (c)-3.

*B.      Palm Press, Inc.*

7.      Gus Kayafas originally established Palm Press, Inc. on July 21, 1980.

8.      Palm Press, Inc. has been operating continuously since 1980 and is a photography workshop that does work including picture framing, exhibition preparation,  and making prints for art museums.

9.      Palm Press Inc. is an employer and has employees.

10.      Gus Kayafas has been the sole officer and director of Palm Press since at least September 15, 2010.

11.      Gus Kayafas has been the president of Palm Press since at least 2008.

12.     Gus Kayafas, as the president and sole officer and director of Palm Press, failed to pay over withheld federal income and FICA taxes, as well as the employer's portion of FICA taxes, for the quarterly tax periods contained in the chart in paragraph 31, below.

13.     The IRS assessed delinquent employment tax liabilities for the tax periods described in paragraph 31, below, which with accruals, including penalties and interest as of August 15, 2015, have a balance due of $145,135.80.

C.     *The IRS's Efforts to Collect Palm Press's Unpaid Employment Taxes.*

14.     The IRS has attempted to satisfy Palm Press's unpaid employment tax liabilities, by filing notices of federal tax liens, serving notices of intent to levy on its property, and by assessing trust fund recovery penalties against Gus Kayafas under 26 U.S.C. § 6672. Despite these collection efforts, the tax liabilities remain largely unpaid.

15.     The IRS recorded Notices of Federal Tax Lien at the United States District Court for the District of Massachusetts, and sent Palm Press a copy of Form Letter 3172, Notice of Federal Tax Lien Filing and Your rights to a Hearing Under IRC 6320, on or about February 2, 2003; March 11, 2011; November 1, 2011; January 31, 2012; March 15, 2012; and October 23, 2012.

16.     On October 1, 2010 and again on November 8, 2011, an IRS representative spoke at length with Palm Press's attorney regarding how the company could come into compliance with the Internal Revenue Code. An IRS representative also met personally with Gus Kayafas on October 18, 2011, at Palm Press's place of business, to discuss Palm Press's failure to comply with the employment tax provisions of the Internal Revenue Code.

17.     The IRS assessed Trust Fund Recovery Penalties against Gus Kayafas, related to Palm Press, for the quarterly tax periods ending September 30, 2008; September 30, 2009;

December 31, 2010; June 30, 2011; September 30, 2011; December 31, 2011; September 30, 2012; December 31, 2012; March 31, 2013; June 30, 2013; and September 30, 2013. These assessments resulted in a payment of $67,419.71 from Gus Kayfas in or around December 2014.

18.     After the payment referenced in paragraph 17, above, Palm Press made no Federal Tax Deposits to date.  Additional Trust Fund Recovery Penalties were assessed against Gus Kayfas for the periods ending December 31, 2013; March 31, 2014;and June 30, 2014.

19.     The IRS has attempted to levy Palm Press's bank accounts and customers, but such levies have not yielded significant funds. In addition, the physical assets of Palm Press do not have significant value.

20.     Palm Press's customers informed the IRS that Gus Kayafas instructed them not to honor IRS levies.

21.     The IRS seized a 2004 Lexus registered to Palm Press on March 12, 2012. Gus Kayafas purportedly obtained a loan from his father and paid $20,000 on April 20, 2012 to get the vehicle back. Gus Kayafas told the IRS that the father's lien would be recorded but the lien has not been recorded.

22.     On June 11, 2014, an IRS representative hand delivered Letter 903, You Haven't Deposited Federal Employment Taxes, to Palm Press's place of business, to inform Palm Press that the IRS would pursue civil or criminal enforcement procedures if Palm Press did not become current in 30 days.

C.     *The IRS's Need for an Injunction*

23.     Gus Kayafas and Palm Press have demonstrated a pattern of failing to comply with employment tax obligations, accruing significant unpaid tax liabilities

24.     Gus Kayafas has substantially interfered with the internal revenue laws by: (a) repeatedly failing to pay the employment tax obligations for Palm Press, Inc. for which he is

responsible, as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402; (b) repeatedly failing to make employment tax deposits as required by 26 U.S.C. § 6302 and 6157, and 26 C.F.R. §§ 31.6302-1, 31.6302(c)-2 and (c)-3; and (c) by instructing Palm Press's customers not to honor IRS levies.

25.    Although the IRS has repeatedly contacted Gus Kayafas about Palm Press's noncompliance with federal employment tax obligations, Gus Kayafas and Palm Press have failed to consistently comply with those obligations, and continue to fail to pay Palm Press's delinquent taxes.

26.    Absent court intervention, the United States lacks an adequate legal remedy to prevent Gus Kayafas from continuing to pyramid Palm Press's employment taxes.

27.    The United States has suffered and will continue to suffer irreparable harm as a result of Palm Press's and Gus Kayafas's violations of federal statutes, including but not limited to: (a) the loss of tax revenue, including the loss of the employees' FICA and income taxes; (b) the drain on limited IRS resources caused by Palm Press's and Gus Kayafas's continued noncompliance with the law, and (c) the harm to the tax system as a whole by undermining public confidence in the federal tax system and encouraging widespread violation of the internal revenue laws. An injunction against Defendants is appropriate and necessary to prevent defendant from continuing to interfere with the internal revenue laws.

28.    An injunction in this case would serve the public good. The federal tax system relies on employers to comply voluntarily with the federal tax laws, by collecting and remitting to the United States Treasury, in a timely manner, all taxes due, without the need for the IRS to initiate enforcement actions. Guys Kayafas's pyramiding undermines the most vital cog in our system of tax collection. Additionally, by unlawfully using the tax money that should be paid

over to the United States for his own business and operating expenses, Guys Kayafas exacts an involuntary subsidy from the United States public. An injunction would bring an end to the inefficient waste of taxpayer resources.

29.     Furthermore, Guys Kayafas's obstruction of and interference with internal revenue laws not only sends a poor message to compliant taxpayers, but provides defendant with an unfair competitive advantage over law-abiding business competitors who comply with internal revenue laws and pay the federal employment taxes the defendant eschews.

30.     In the absence of an injunction backed by the Court's contempt powers, Gus Kayafas, alone or through Palm Press, will likely continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding taxes to the detriment of the United States of America.

**Count II – Reduce Palm Press's Unpaid Tax Liabilities to Judgment**

31.    On the dates, in the amounts, and for the taxable periods set forth below, a delegate of the Secretary of the Treasury made assessments against Palm Press associated with withheld income and Federal Insurance Contributions Act ("FICA") taxes, as well as the employer's portion of the FICA, reportable on IRS Form 941, which have balances due, after accounting for all payments, credits, and accruals as of August 15, 2015, as follows:

| Tax Period | Assessment Date | Unpaid Assessed Balance | Statutory Additions | Unpaid Balance as of 08/15/2015 |
|---|---|---|---|---|
| December 31, 2008 | January 3, 2011 | $3,913.06 | $1,102.12 | $5,015.18 |
| March 31, 2009 | January 3, 2011 | $7,330.41 | $1,625.31 | $8,955.72 |
| June 30, 2009 | January 3, 2011 | $9,934.88 | $1,976.03 | $11,910.89 |
| September 30, 2009 | January 3, 2011 | $9,021.75 | $2,094.02 | $11,115.77 |
| December 31, 2010 | April 11, 2011 | $937.34 | $678.75 | $1,616.49 |
| June 30, 2011 | October 31, 2011 | $6,390.34 | $2,607.32 | $8,997.66 |
| September 30,2011 | December 26, 2011 | $3,903.81 | $2,792.59 | $6,696.40 |
| December 31, 2011 | April 06, 2012 | $3,680.30 | $2,386.92 | $6,067.22 |
| September 30, 2012 | December 10, 2012 | $867.41 | $1,267.05 | $2,134.46 |
| December 31, 2012 | April 01, 2013 | $4,788.50 | $430.95 | $5,219.45 |
| March 31, 2013 | June 17, 2013 | $3,990.65 | $636.82 | $4,627.47 |
| June 30, 2013 | September 09, 2013 | $4,968.86 | $794.96 | $5,763.82 |
| September 30, 2013 | December 23, 2013 | $5,047.74 | $2,299.31 | $7,447.05 |
| December 31, 2013 | March 17, 2014 | $8,275.84 | $1,808.71 | $10,084.81 |
| March 31, 2014 | June 30, 2014 | $9,821.53 | $1,430.94 | $11,252.47 |
| June 30, 2014 | September 22, 2014 | $9,963.73 | $1,167.70 | $11,131.43 |
| September 30, 2014 | January 05, 2015 | $8,187.65 | $531.88 | $8,719.53 |
| December 31, 2014 | May 04, 2015 | $9,016.52 | $202.59 | $9,219.11 |
| March 31, 2015 | June 22, 2015 | $9,039.54 | $121.33 | $9,160.87 |
| | | | Total Due as of August 15, 2015 | $145,135.80 |

32.    On March 18, 2013 a delegate of the Secretary of the Treasury made an assessment against Palm Press for liabilities associated with Federal Unemployment Tax Act ("FUTA") taxes, reportable on IRS Form 940 for the tax period ending December 31, 2008, which has an unpaid assessment balance of $6,414.88, and interest of $353.56 as of August 15,

2015 with a total balances due, after accounting for all payments, credits, and accruals as of

August 15, 2015, of $6,768.44.

33.     On the dates, in the amounts, and for the taxable periods set forth below, a

delegate of the Secretary of the Treasury made assessments against Palm Press for Federal

Income Tax for an S Corporation, reportable on IRS Form 1120S, which have balances due, after

accounting for all payments, credits, and accruals as of August 15, 2015, as follows:

| Tax Period | Assessment Date | Unpaid Assessed Balance | Statutory Additions | Unpaid Balance as of 08/15/2015 |
|---|---|---|---|---|
| December 31, 2008 | September 24, 2012 | $1,068.00 | $96.71 | $1,164.71 |
| December 31, 2009 | September 3, 2012 | $1,068.00 | $96.72 | $1,166.82 |
| December 31, 2010 | September 3, 2012 | $2,340.00 | $216.30 | $2,556.30 |
| December 31, 2011 | January 5, 2015 | $4,680.00 | $86.17 | $4,766.17 |
| December 31, 2012 | January 5, 2015 | $2,340.00 | $43.09 | $2,283.09 |
| December 31, 2008 | March 18, 203 | $6,414.88 | $353.56 | $6,768.44 |
| | | | Total Due as of August 15, 2015 | $18,705.53 |

34.     On, or about, each date of assessment noted in paragraphs 31-33, above, a

delegate of the Secretary of the Treasury of the United States of America gave notice of the

assessment to and made a demand for payment of the assessed FICA, FUCA and 1120S tax

liability upon Palm Press.

35.     Despite such notice and demand, Palm Press has failed, neglected, or refused to

fully pay the liabilities described in paragraphs 31, 32, 33, above, and as of August 15, 2015,

after taking into account all payments, credits, abatements, accruals, and costs, it remains

indebted to the United States in the amount of $163,580.97, plus statutory additions and interest

according to law from August 15, 2015.

36.     This action is timely commenced under the provisions of the Internal Revenue

Code.

WHEREFORE, the plaintiff United States of America prays that

A.      The Court, pursuant to 26 U.S.C. § 7402(a), enter a preliminary injunction and a permanent injunction against Gus Kayafas, his business Palm Press, Inc., and any other business he operates or may come to operate:

a.      Ordering Gus Kayafas and Palm Press, Inc. and any other business Gus Kayafas operates or may come to operate, to deposit in an appropriate federal depository bank, in accord with federal deposit regulations, withheld employee income tax, withheld employee FICA tax, and employer FICA tax, all as required by the Internal Revenue Code;

b.      Ordering Gus Kayafas to sign and deliver affidavits to a revenue officer, or to some other person or location designated by the IRS, on the first day of each month, verifying that the requisite deposits of withheld income tax, withheld FICA tax, and employer FICA tax have been made in a timely manner;

c.      Ordering Gus Kayafas and Palm Press, Inc., and any other business Gus Kayafas operates or may come to operate, to timely file all employment (Form 941) tax returns coming due after the date of the injunction;

d.      Ordering Gus Kayafas and Palm Press, Inc., and any other business Gus Kayafas operates or may come to operate, to timely pay all required outstanding liabilities due on each return required to be filed herein;

e.      Ordering Gus Kayafas, for the next five years, to notify a revenue officer, or some other person or location designated by the IRS, if he intends to form, incorporate, own or work in a managerial capacity for another or a successor business entity; and

f.      Enjoining Gus Kayafas and Palm Press, Inc., and any other business Gus Kayafas operates or may come to operate, from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of his employees; and

g.      Enjoining Gus Kayafas and Palm Press, Inc., and any other business Gus Kayafas operates or may come to operate, from assigning and/or transferring property or making any payments after the preliminary injunction is issued until deposits set forth in subparagraph (a) are made and until the employment tax and withholding liabilities due under subparagraph (d) after the date of the preliminary injunction are first paid to the Internal Revenue Service;

h.      Enjoining Gus Kayafas and Palm Press, Inc., and any other business Gus Kayafas operates or may come to operate, from interfering with any IRS collection efforts by any means, including by encouraging creditors not to honor IRS levies for payments of defendants' unpaid tax liabilities;

B.      The Court enter judgment in favor of plaintiff United States of America and against Palm Press Inc. for unpaid tax liabilities associated with federal employment taxes reportable on Internal Revenue Service Form 941 for the periods outlined in paragraph 31, above, in the amount of $145,135.80, plus statutory interest and other additions according to law from and after August 15, 2015, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

C.      The Court enter judgment in favor of plaintiff United States of America and against Defendant Palm Press, Inc. for unpaid tax liabilities associated with federal unemployment taxes reportable on Internal Revenue Service Form 940 for the tax periods ending December 31, 2008, in the amount of $6,768.44 plus statutory interest and other additions

according to law from and after August 15, 2015, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

   D.  The Court enter judgment in favor of plaintiff United States of America and against Defendant Palm Press, Inc. for unpaid tax liabilities associated with Federal Income Tax For an S Corporation, reportable on IRS Form 1120S for the quarterly tax periods outlined in paragraph 33, above, in the amount of $18,705.53, plus statutory interest and other additions according to law from and after August 15, 2015, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c); and

   E.  Awarding the United States such other relief as the Court deems just and proper.

      Respectfully Submitted,

      CAROLINE D. CIRAOLO
      Acting Assistant Attorney General
      Tax Division, U.S. Department of Justice

      */s/ Steven M. Dean*
      Steven M. Dean
      Jeremy L. Burkhardt
      Trial Attorneys, Tax Division
      U.S. Department of Justice
      Post Office Box 55, Ben Franklin Station
      Washington, D.C. 20044
      Dean: (202) 307-6499
      Burkhardt: (202) 353-7251
      Fax: (202) 514-5238
      Email: Steven.M.Dean@usdoj.gov
         Jeremy.L.Burkhardt@usdoj.gov